# Court of Appeals
# of the State of Georgia

ATLANTA,  July 24, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0628. RONALD L. SIMPSON v. TALTON, LLC.

Ronald L. Simpson sued Talton, LLC in magistrate court for breach of contract, and Talton filed a counterclaim. The magistrate court entered judgment in favor of Talton, and Simpson appealed to the superior court. After he failed to appear for trial, the superior court dismissed Simpson's claim and entered judgment in favor of Talton on its counterclaim. Contending that he had not received notice of trial, Simpson moved to set aside the final judgment. On July 24, 2025, the superior court entered an order denying that motion. Simpson then filed a motion for reconsideration, which the superior court denied on September 24, 2025. On October 21, 2025, Simpson filed a direct appeal from the  July 24, 2025 ruling. We dismissed that appeal for lack of jurisdiction,[1] *Simpson v. Talton, LLC*, Case No. A26A1301 (Mar. 23, 2026), and on May 19, 2026, we denied Simpson's motion for reconsideration of the dismissal order. Approximately six weeks later, on July 1, 2026, Simpson filed this application for discretionary appeal. Again, however, we lack jurisdiction.

A discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35(d).  This statutory deadline is jurisdictional, and this Court cannot accept an application for

---

[1] Our dismissal order explained that: (1) an application for discretionary appeal is required where litigation begins in magistrate court and reaches the superior court by petition for review; and (2) even if Simpson were otherwise entitled to a direct appeal, his appeal was untimely, as it was filed more than 30 days after entry of the order he sought to be appeal. See OCGA § 5-6-35(a)(1); OCGA § 5-6-38(a).

appeal not made in compliance with the relevant statute. See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Simpson failed to meet the statutory deadline, as he did not file his application until almost a year after entry of the order denying his motion to set aside.

Furthermore, and despite Simpson's arguments to the contrary, the fact that Simpson is challenging the underlying judgment against him as void does not provide this Court with jurisdiction. In support of his argument, Simpson relies on OCGA § 9-12-16, which provides that "[t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." Simpson's reliance on this statute is misplaced. While OCGA § 9-12-16 might authorize this Court to consider the validity of the underlying judgment in a properly filed appeal, it does not control the question of this Court's jurisdiction. Rather, as noted above, that question is controlled by OCGA § 5-6-35. Consequently, because Simpson's application is untimely, we are without jurisdiction to consider it and the application is hereby DISMISSED.



Court of Appeals of the State of Georgia

  Clerk's Office, Atlanta,___07/24/2026_____

          I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

          Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.